JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants[1]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAIWEN CAI, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL B. MUKASEY,* Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director, United States Citizenship and Immigration Services; CHRISTINA POULOS, Director, USCIS California Service Center, <br><br> Defendants. | No. C 07-4886 HRL <br><br> **DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT** <br><br> Date:    April 1, 2008 <br> Time:    10:00 a.m. |

    Defendants hereby submit this motion to vacate the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). The motion is supported by the Declaration of Melanie L. Proctor. The motion is premised on the following facts:

    1.    Plaintiff Kaiwen Cai commenced this proceeding on September 21, 2007. Electronic

---

[1] Defendants enter their appearance for the sole purpose of this motion, and reserve the right to assert all appropriate defenses in their responsive pleading. Defendants do not waive proper service.

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

MOTION TO VACATE DEFAULT
07-4886 HRL

1  Docket, entry 1, September 21, 2007.

2      2.    The Court issued its summons on October 11, 2007. <u>Id.</u>, unnumbered, dated
3  October 11, 2007.

4      3.    Plaintiff failed to serve the summons properly. On November 14, 2007, he returned
5  copies of the summons to the Court, indicating that only Emilio T. Gonzalez, Michael Chertoff, and
6  Paul D. Clement had been served, via "certified priority mail." Electronic Docket, entries 3, 4, 5,
7  dated November 14, 2007.

8      4.    The summons for Emilio T. Gonzalez included Christina Poulos, notwithstanding the
9  fact that she is the Director of the California Service Center, located in Laguna Niguel, California,
10 and not in Washington, D.C. Electronic Docket, entry 3, dated November 14, 2007.

11     5.    On January 24, 2008, Plaintiff filed a Request for Entry of Default, asking the Court
12 to enter Defendants' default for failure to answer. Electronic Docket, entry 8, January 24, 2008.

13     6.    On January 31, 2008, the Clerk of the Court entered Defendants' default. Electronic
14 Docket, Entry 9, January 31, 2008.

15     7.    Fed. R. Civ. P. 4(i) states that service upon the United States and its agencies is
16 effected by either <u>delivering</u> a copy of the summons and the complaint to the United States Attorney
17 for the district in which the action is brought, or by sending a copy of the summons and of the
18 complaint by <u>registered or certified mail</u> addressed to the civil process clerk at the office of the
19 United States Attorney. A copy of the summons and complaint must also be sent by registered or
20 certified mail to the United States Attorney General, and by the same means to any named agencies
21 and their officers.

22     8.    On February 12, 2008, the Court directed Plaintiff to serve the local U.S. Attorney's
23 office.

24     9.    On February 14, 2008, Plaintiff mailed a copy of the summons and complaint to the
25 U.S. Attorney's office via Priority Mail. <u>See</u> Declaration of Melanie Proctor.

26     The United States believes good cause exists to vacate the entry of default under FRCP 55(c)
27 because to date, Plaintiff has failed to properly serve Defendants. Priority mail is neither certified
28 nor registered. Moreover, entry of default against the United States would not have a substantive

MOTION TO VACATE DEFAULT
07-4886 HRL    2

1 effect on the litigation in this case given FRCP 55(e), which provides that a default cannot be taken against the United States unless the "claimant establishes a claim or right to relief by evidence satisfactory to the court." Thus, Plaintiff will be required to prove the elements of his case whether or not the United States answers, and the United States will be entitled to rebut that case.

For the foregoing reasons, Defendants respectfully request the entry of default be vacated.

Dated: February 22, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/S/_____
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants

MOTION TO VACATE DEFAULT
07-4886 HRL                3