JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants[1]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAIWEN CAI,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL B. MUKASEY,* Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director, United States Citizenship and Immigration Services; CHRISTINA POULOS, Director, USCIS California Service Center,<br><br>    Defendants. | No. C 07-4886 HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT; OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date:    April 1, 2008<br>Time:   10:00 a.m. |

**I.  INTRODUCTION**

Defendants hereby submit this memorandum of points and authorities in support of their motion to vacate the Clerk of the Court's entry of default. Defendants also oppose Plaintiff's Motion for Default Judgment.

---

[1] Defendants enter their appearance for the sole purpose of this motion, and reserve the right to assert all appropriate defenses in their responsive pleading. Defendants do not waive proper service.

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

MEMORANDUM OF POINTS AND AUTHORITIES
07-4886 HRL

## II. DISCUSSION

A. THE COURT SHOULD EXERCISE ITS DISCRETION TO VACATE THE CLERK'S ENTRY OF DEFAULT

### 1. The Court has Discretion to Vacate the Entry of the Clerk's Default

Federal Rule of Civil Procedure ("FRCP") 55(c), provides that "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." According to Wright, Miller & Kane, "This requires the moving party to provide an explanation for the default or to give reasons why vacation of the default entry would serve the interests of justice." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2696 at 141 (West 1998).

The standard for setting aside the entry of default differs from the FRCP 60(b) conditions that must be met to set aside a default judgment. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). While FRCP 55(c) requires that the Rule 60(b) standards be considered when vacating a default judgment, the Ninth Circuit has concluded those factors are "liberally interpreted when used on a motion for relief from an entry of default." Id. at 513. The Court should use its sound discretion in making this decision. Id.

### 2. Good Cause Exists to Grant Relief from the Clerk's Entry of Default Because Plaintiff Has Not Effected Proper Service

Vacating the default entered on January 21, 2008, serves the interests of justice. The United States Attorney's Office was unaware of this action until February 14, 2008, when Plaintiff first attempted to serve the United States Attorney. However, Plaintiff attempted service through Priority Mail, which does not comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i) (requiring service through mail to be either certified or registered). Furthermore, to date, Plaintiff has not properly served any party to this action. See Electronic Docket, 3, 4, and 5, dated November 14, 2007 (claiming service via "certified priority mail"). Thus, Defendants have not yet been afforded an opportunity to respond to Plaintiff's Complaint. Under the circumstances, setting aside the entry of the default serves the interests of justice.

///

///

3.  <u>Plaintiff Will Suffer No Prejudice from Vacating the Entry of Default</u>

"When no prejudice is apparent, courts naturally are favorably inclined toward setting aside a default entry or judgment." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2699 at 128 (West 1998). To be prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." <u>Thompson v. Home Assurance Co.</u>, 95 F.3d 429, 433-34 (6th Cir. 1996) (cited with approval by <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 701 (9th Cir. 2001)).

No prejudice will result from setting aside the default because the merits of the case must be considered by the Court. The rules do not permit a party to take a default judgment against the United States. FRCP 55(e) states:

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Thus, regardless of Plaintiff's motion for a default judgment, he must prove that he is entitled to a an order compelling Defendants to adjudicate his application for adjustment of status. Proving his case requires the same showing that would be required if the case were tried after vacating the default. Defendants are entitled to defend against any default judgment proceeding. Accordingly, vacating the entry of the default simply restores the case to position where the parties can efficiently litigate it.

4.  <u>Defendants Have a Meritorious Defense to the Case</u>

Plaintiff's complaint alleges that adjudication of his application for adjustment of status has been unreasonably delayed. Plaintiff rests his argument on a single claim: the passage of time. However, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial intervention." <u>Singh v. Ilchert</u>, 784 F. Supp. 759, 765 (N.D. Cal. 1992). The inquiry into Plaintiff's case is thus fact specific, and Defendants must be allowed to rebut Plaintiff's claim.

B.  <u>DEFENDANTS OPPOSE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

Plaintiff has moved for default judgment against Defendants. However, to date, Plaintiff has not properly served the United States Attorney's office, nor has he properly served any of the

MEMORANDUM OF POINTS AND AUTHORITIES
07-4886 HRL                                                            3

defendants in this action. The Federal Rules of Civil Procedure state that service on the United States, its agencies, and officers is effected when the summons and complaint is sent via registered or certified mail. Fed. R. Civ. P. 41(i). Defendants will respond to the Complaint within 60 days of effective service. Because Plaintiff has not properly served Defendants, he is not entitled to a default judgment.

### III.  CONCLUSION

For the foregoing reasons, the United States requests the Court to vacate the clerk's entry of judgment, and deny Plaintiff's Motion for Default Judgment.

Dated: February 22, 2008                                        Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

          /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants